United States District Court
Southern District of Texas
**ENTERED**
October 21, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-330 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Alfred Hughes Unit in Gatesville, Texas. The actions about which he complains occurred in Bee County, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on July 13, 2015.[1] The underlying conviction which is the subject of the petition is a 2004 Bee County conviction for murder. Petitioner claims that his constitutional rights were violated during his trial. Respondent filed a motion for summary judgment on September 9, 2015 to which Petitioner responded on October 7, 2015 (D.E. 9, 10). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed without prejudice as second or successive. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 13, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## BACKGROUND

On May 4, 2004 in Bee County, Texas, Petitioner was tried in front of a jury and convicted of assault on a public servant for an offense which occurred on February 20, 1998 (I CR 77; D.E. 6-6, p. 48).[2]  The offense was a third degree felony enhanced to a second degree felony by two prior convictions for possession of a forged check.  *Ex Parte Lee*, WR-33,551-10 at 11-12, 20-21 (D.E. 8-3, pp. 15-16, 24-25).   Petitioner was sentenced to a twenty-year term, which was to commence after the end of a ten-year sentence he was serving for possession of forged checks.  *Id.* at 20-21 (D.E. 8-3, pp. 24-25).  The Thirteenth Court of Appeals affirmed his conviction on August 4, 2005.  *Lee v. State*, No. 13-04-239-CR, 2005 WL 1833897 (located herein at D.E. 6-1).   Petitioner sought a petition for discretionary review and it was refused on December 2, 2005.  *Lee v. State*, No. PD-1330-05 (Tex. Crim. App. 2005)(D.E. 6-3).

Petitioner filed an application for habeas corpus relief in state court challenging the assault conviction on January 4, 2006 and it was denied without written order on September 13, 2006.  *Ex Parte Lee*, WR-33,551-10 at 2-10 and "Action Taken" page (D.E. 8-3, pp. 6-14, 2).  In 2007 Petitioner filed an application for habeas corpus relief in federal court challenging the assault conviction and it was dismissed on September 8, 2008.  *Lee v. Quarterman*, No. 2:07-cv-476 (S.D. Tex. 2008).[3]  Petitioner filed a second

---

[2] "CR" refers to the Clerk's Record, located at D.E. 6-6.

[3] Petitioner has filed at least six other habeas actions in other federal district courts in Texas asserting challenges to other aspects of his various periods of incarceration.  Their dispositions are not relevant here.  *See Lee v. Thaler*, No. 6:09-cv-115-WSS (W.D. Tex. 2012); *Lee v. Quarterman*, No. 2:06-cv-256-J-BB (N.D. Tex. 2009); *Lee v. Quarterman*, 2:06-cv-0037-J (N.D. Tex. 2006); *Lee v. Dretke*, 2:05-cv-219-J (N.D. Tex. 2005); *Lee v.*

state habeas action on November 11, 2014 and it was denied without written order on June 24, 2015. *Ex Parte Lee*, WR-33,551-13 at 4-20 and "Action Taken" page (D.E. 8-5, pp. 6-22 and D.E. 8-12).

Petitioner filed the instant action on July 13, 2015 and argues that his sentence was wrongfully enhanced by a conviction that was more than ten years old. In Respondent's motion for summary judgment he argues that Petitioner's claim should be dismissed as second or successive. Petitioner counters that use of the enhancement rendered his sentence void and that a defect which results in a void sentence may be raised at any time.

## DISCUSSION

### A.  Second or Successive

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those

---

*Texas Board of Pardons and Parole*, No. 5:02-CV-00022-FB (W.D. Tex. 2002); *Lee v. Johnson*, No. 5:97-cv-00752-HFG (W.D. Tex. 1997). Petitioner also has pending a challenge to the calculation of his sentence. *See Lee v. Stephens*, No. 6:14-cv-478-WSS (W.D. Tex., filed December 17, 2014).

challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner could have raised the same issue in *Lee v. Quarterman*, No. 2:07-cv-476 (S.D. Tex. 2008), that he raises in his current one. Therefore, his instant petition bringing up that claim clearly is "second or successive." This court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See* 28 U.S.C. §2244 (b)(3)(A).[4]  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002);  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies 28 U.S.C. § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the

---

[4] Petitioner would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

interests of justice than a transfer to the Fifth Circuit.  Accordingly, it is recommended that Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

### C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604.

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are second or successive and that this court lacks jurisdiction to hear them. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## <u>RECOMMENDATION</u>

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 9) be granted. Petitioner's application for habeas corpus relief should be dismissed without prejudice because it is second or successive and this court lacks jurisdiction to hear it. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 21st day of October, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).